**Harry STERMAN, Individually and on behalf of all persons similarly situated**

v.

**LOUISIANA–PACIFIC CORP., et al.**

Civ. A. No. 81–1550.

United States District Court, E.D. Pennsylvania.

Jan. 10, 1983.

Paul Rosen, Philadelphia, Pa., for plaintiffs.

1. U.S.D.C., E.D.Pa., C.A. 81–0271.

Morris R. Brooke, Philadelphia, Pa., for Bohemia, Inc.

**MEMORANDUM OPINION AND ORDER**

WEINER, District Judge.

Presently before the court is the motion of the plaintiffs to strike the claim of Bohemia, Inc. to share, as a class member, in the settlement fund and to strike the objections of Bohemia, Inc. to certain counsel fees.

This is a class action for market manipulation and proxy fraud, and is a companion case to a previously filed action by Simkins Industries, Inc. against Louisiana-Pacific Corporation, Fibreboard Corp., Denison Mining, Ltd. and Bohemia, Inc.[1] Both actions alleged that the defendants participated in a scheme to manipulate the trading price of Fibreboard stock to enable Louisiana-Pacific to acquire Fibreboard at less than the fair value. For purposes of discovery and efficiency, since both actions were similar, the actions proceeded together.

Plaintiffs contend that throughout the discovery process, Bohemia resisted and was antagonistic, to the plaintiffs' efforts to establish their case. Bohemia contends that it complied with discovery as a defendant in the Simkins action. Although the Sterman action and the Simkins action proceeded together, Bohemia was a defendant in the Simkins action only.

A bifurcated trial of the Sterman action began on May 11, 1982. The parties had agreed that if there was a verdict in favor of the defendants, the Simkins action would be voluntarily dismissed. On May 13, 1982, Bohemia settled with the Simkins plaintiffs for the sum of $62,500.00. On June 2, 1982, the jury returned a verdict in favor of the plaintiffs in the Sterman action. On June 4, 1982, a settlement as to damages was reached whereby Louisiana-Pacific and Fibreboard agreed to pay $4,000,000.00 to the Sterman plaintiffs and $1,500,000.00 to the

Simkins plaintiffs. Bohemia now wants to share in the settlement fund as a class member, and plaintiffs object. For the reasons which follow, the motion of the plaintiffs to strike the claim of Bohemia to share in the settlement fund as a class member is granted.

The notice sent to class members defined the class as follows:

"CLASS I

All owners of shares of the common stock of Fibreboard Corporation as of April 17, 1978 who thereafter sold such shares on the open market and/or exchanged such shares for $17 cash in the merger of Fibreboard and LPX Incorporated.

AND

CLASS II

All persons other than members of Class I as defined above who purchased and/or sold shares of the common stock of Fibreboard Corporation from January 26, 1978 through March 9, 1978.

Except those persons in either class who exclude or have excluded themselves from participation in the litigation, defendants, their officers and directors and their immediate family members and plaintiffs in the *Simkins Industries, Inc. v. Fibreboard Corporation, et al.,* Civil Action No. 81–0271, (the "Simkins Action"). Any person who conspired in or aided and abetted any of the wrongdoing alleged in either action and any person who purchased and sold between January 26 and April 16, 1978 and who realized a profit on such sale."

Bohemia argues that the above definition does not exclude it from the class. We agree that Bohemia was not a defendant of record in the Sterman action. However, Bohemia maintained a position adverse to the Sterman class in the pretrial proceeding. Although Bohemia was not a defendant in the Sterman action, Bohemia's counsel argued, before this court, the motion of the Sterman defendants for summary judg-

ment. That argument was certainly not for the benefit of the class members.

Further, according to the affidavit of Paul R. Rosen, Esq., trial counsel in the Sterman action, which affidavit has been filed with this court, Mr. Rosen states that throughout the proceedings, and even after Bohemia settled the Simkins action, Bohemia's counsel actively participated in the "defense camp" in the Sterman case. "At all depositions which they attended, they voiced objections, and in no instance did they cooperate or assist plaintiffs' counsel." (Affidavit of Paul R. Rosen Re Involvement of Defendant Bohemia, Inc. as a Wrongdoer along with defendants Fibreboard and Louisiana-Pacific, page 7).

Mr. Rosen's affidavit also sets forth that counsel for Bohemia was in court after the settlement of its case with Simkins and actively aided Louisiana-Pacific in the formulation of favorable jury instructions in the Sterman case. He concludes that at all stages of the proceedings, Bohemia, through their counsel, actively resisted the class verdict. (Affidavit, page 8).

Rule 23 of the Federal Rules of Civil Procedure governs class actions brought in federal court. In order to be a member of a class, a party must hold interests in common with and not antagonistic to those of the class. Evidence introduced at the trial indicates that Bohemia's interests were antagonistic to the class.

Prior to the merger of Louisiana-Pacific and Fibreboard, Bohemia owned 150,000 shares of common stock of Fibreboard. Bohemia was also the sole holder of all 120,000 shares of the outstanding preferred stock of Fibreboard. Pursuant to the final terms of the merger, Bohemia obtained $4.3 million for its preferred shares and $2.55 million for its common stock. Bohemia had held up the merger until it had a satisfactory agreement as to the value of its preferred shares. Testimony at trial revealed that Bohemia used information gained by its inside position to negotiate a preferential return on its stock. The president of Fibreboard testi-

fied that at least one month prior to the initial public offer, the president of Louisiana-Pacific informed him that he was negotiating directly with Mr. Pittman of Bohemia for Bohemia's preferred stock.

■ Thus, Bohemia's activities, having been adverse to the interests of the class, bar its inclusion as a class member. To permit Bohemia to be a class member would result in a dilution of the funds available to the other class members. This would be an inequitable result.

We shall next examine the objections of Bohemia to certain counsel fees sought by Paul R. Rosen, Esq.

Bohemia argues that Mr. Rosen has played a number of roles in various litigation arising out of the Louisiana-Pacific-Fibreboard merger. He defended Simkins in a case in California,[2] he brought the Simkins action on their behalf,[3] and he is co-counsel in the Sterman case. Bohemia claims that Mr. Rosen tells the court only the total time spent on all three cases and the fees he would like to charge the class, but he doesn't disclose what time he spent, and fees and expenses incurred in each of the three cases.

■ Mr. Rosen has filed an affidavit in support of his request for sanctions for what he claims is the unethical conduct of Bohemia's counsel. Mr. Rosen states that he was contacted in the summer of 1982 by certain holders of securities of Fibreboard and Louisiana-Pacific who were not class members in the Sterman action. They learned of the suit and settlement from newspaper and magazine articles, and learned they were not entitled to receive any of the settlement funds because they were not class members. They requested Mr. Rosen's law firm to protect their interest against the culpable defendants. Mr. Rosen's firm wrote to Bohemia and others to place them on notice of the potential lawsuit. Counsel for Bohemia attempted to get Mr. Rosen's firm to agree not to sue Bohemia on behalf of these new clients, or Bohemia's counsel threatened that Bohemia would object to the Sterman settlement and to the legal fees requested. On October 12, 1982, counsel for Bohemia wrote to Rosen's law firm[4] enclosing a draft letter to be signed by that law firm in lieu of an affirmative agreement not to sue Bohemia.[5] Mr. Rosen's law firm refused to sign the proposed letter not to sue Bohemia, and Bohemia's objections followed. We do not condone the approach and methodology used by Bohemia which led up to their filing the objections in this case.

We therefore grant the motion of the plaintiffs to strike the claim of Bohemia, Inc. to share, as a class member, in the settlement fund, and to strike the objections of Bohemia, Inc. to certain counsel fees.

### ORDER

The motion of the plaintiffs to strike the claim of Bohemia, Inc. to share as a class member in the settlement fund, and to strike the objections of Bohemia, Inc. to certain counsel fees is GRANTED.

The claim of Bohemia to share as a class member in the settlement fund is DENIED.

The objections of Bohemia, Inc. to certain counsel fees are DENIED.

The appropriate parties may proceed with distribution of the settlement fund to the class members and to counsel.

IT IS SO ORDERED.

2. *Feldman v. Simkins Industries, Inc. and Bear Sterns & Company,* 492 F.Supp. 839 (N.D. Cal.,1980).

3. *Simkins Industries, Inc. v. Louisiana-Pacific Corporation, Fibreboard Corp., Denison Mining, Ltd. and Bohemia, Inc.,* U.S.D.C., E.D.Pa., C.A. 81–0271.

4. A copy of the October 12, 1982 letter is attached as Appendix A.

5. A copy of the enclosed draft letter is attached as Appendix B.

## APPENDIX A

LAW OFFICES

### DRINKER BIDDLE & REATH

PHILADELPHIA NATIONAL BANK BUILDING

SUITE 1200
1815 H. STREET, N. W.
WASHINGTON, D. C. 20006
(202) 857-0380

BROAD AND CHESTNUT STREETS

PHILADELPHIA, PA. 19107

TELEX: 834684 — DEBEMAC

(215) 988-2700

645 MADISON AVENUE
NEW YORK, N. Y. 10022
(212) 980-1200

DIRECT DIAL: (215) 988-2613

October 12, 1982

Jack A. Meyerson, Esquire
Spector, Cohen, Gadon & Rosen
1700 Market Street, 29th Floor
Philadelphia, PA

   Re:  Sterman v. Louisiana-Pacific Corp., et al.

Dear Jack:

   In the hopes of breaking the log jam that we have apparently reached regarding the settlement of Bohemia's objections and claims in this matter, please find enclosed a draft letter to be signed by your firm that we would be willing to accept in lieu of an affirmative agreement not to sue Bohemia. In the event you find this letter acceptable, I believe it will be possible to conclude a settlement of this matter under some of the other terms that we have discussed previously.

                    Very truly yours,
                    /s/ James S. Gkonos
                    James S. Gkonos

JSG:lme
HAND DELIVER

---

## APPENDIX B

Bohemia, Inc.
Yuba River Lumber Company
Yuba Holding Company
2280 Oakmont Way
Eugene, Oregon   97401

Dear Sirs:

   Intending to be legally bound hereby, and acknowledging that you are taking action in reliance upon our representations, we hereby advise you that, after a review of the facts surrounding the acquisition of Fibreboard Corporation by Louisiana-Pacific Corp., including the events which preceded and followed the acquisition, we have concluded that there is no basis for the commencement of any further litigation against your clients involving the acquisition, and we have no intention of commencing, or voluntarily participating in any way in, any such litigation.